## IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. CROIX

GREGORY MATHURIN,

                          Plaintiff,

       v.

HESS CORPORATION, HESS OIL NEW YORK
CORP., as successor by merger of HESS OIL
VIRGIN ISLANDS CORP., GLENCORE LTD.,
GENERAL ENGINEERING CORPORATION
AND GEC LLC,

                         Defendants.

CASE NO. 1:21-cv-176

JURY TRIAL DEMANDED

## HESS AND HONYC'S ANSWER TO COMPLAINT
## AND CROSSCLAIM
## AND ANSWER TO CROSSCLAIM

COME NOW Defendants Hess Corporation ("Hess") and Hess Oil New York Corp. ("HONYC"), as successor by merger of Hess Oil Virgin Islands Corp. ("HOVIC"), by and through their undersigned counsel, and serve their Answer and Affirmative Defenses to Plaintiff's Complaint, in correspondingly numbered paragraphs as follows:

### PARTIES, JURISDICTION, AND VENUE

1.     Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

2.     Admit.

3.     Defendants admit that, at all times material hereto, Hess Oil Virgin Islands Corp. was a corporation organized under the laws of the United States Virgin Islands and did business in the United States Virgin Islands.  On May 22, 2020, Hess Oil Virgin Islands Corp. merged with and into Hess Oil New York Corp., a New York Corporation. Defendants deny the remaining allegations.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 2

4.      The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

5.      The allegation is not applicable to this Defendant and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

6.      The allegation calls, in part, for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

7.      The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

8.      The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

## FACTUAL ALLEGATIONS RE: THE PLAINTIFF

9.      Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

10.     Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

11.     Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

12.     Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

13.     Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

14.     Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 3

15.    Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

16.    These allegations call for a medical opinion as to which Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

17.    These allegations call for a medical opinion as to which Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

18.    These allegations call for a medical opinion as to which Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

19.    These allegations call for a medical opinion as to which Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

20.    These allegations call for a medical opinion as to which Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same. Plaintiff's claim for relief does not require response, but Defendants deny that they are liable to Plaintiff for any recompense.

21.    These allegations call for a medical opinion as to which Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 4

22.     These allegations call for a medical opinion as to which Defendants lack

knowledge and information sufficient to form a belief as to the allegations and therefore

deny same.

## FACTUAL ALLEGATIONS RE: THE OIL REFINERY

23.     Defendants admit that HOVIC owned and operated an oil refinery on the south

shore of St. Croix from its construction in 1965 until October 1998 (the "HOVIC

refinery").  Defendants deny the remaining allegations as stated.

24.     Defendants admit that HOVIC owned and operated an oil refinery on the south

shore of St. Croix from its construction in 1965 until October 1998.

25.     Defendants admit that HOVIC owned and operated an oil refinery on the south

shore of St. Croix from its construction in 1965 until October 1998 and during that time

HOVIC was a wholly owned subsidiary of Hess.  Defendants deny the remaining

allegations as stated.

26.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations and therefore deny same.

27.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations and therefore deny same.

28.     Denied as stated.

29.     Denied as stated.

30.     Denied as stated.

31.     Denied as stated.

32.     Denied as stated.

33.     Denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 5

34.     The allegation calls for a medical conclusion to which no response is required.

Accordingly, Defendants lack knowledge and information sufficient to form a belief as to

the allegations and therefore deny same.

35.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations as stated and therefore deny same.

36.      Defendants lack knowledge and information sufficient to form a belief as to the

allegations as stated and therefore deny same.

37.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations as stated and therefore deny same.

38.     Denied as stated.

39.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations and therefore deny same.

40.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations as stated and therefore deny same.

41.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations as stated and therefore deny same.

42.     Defendants lack knowledge and information sufficient to form a belief as to the

allegations as stated and therefore deny same.

## FACTUAL ALLEGATIONS VIS-À-VIS THE ALUMINA REFINERY

43.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

44.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 6

45.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

46.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

47.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

48.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

49.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

50.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

51.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

52.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

**CAUSES OF ACTION AGAINST HESS CORP. [sic]**

**Count 1 – Negligent Undertaking**

53.     Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

54.     The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

55.     Denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 7

56.     Denied.

57.     Denied.

58.     Denied.

59.     Denied.

60.     Denied.

61.     Denied.

62.     Denied.

63.     The allegation calls for a legal conclusion to which no response is required.  To
the extent that a response is required, the allegation is denied.

### Count 2 – Chattel Know to be Dangerous for Intended Use

64.     Defendants restate and incorporate their answers to all preceding paragraphs as
though fully set forth therein.

65.     The allegation calls for a legal conclusion to which no response is required.  To
the extent that a response is required, the allegation is denied.

66.     Denied.

67.     Denied.

68.     Denied.

69.     Denied.

70.     Denied.

71.     Denied.

72.     The allegations call for a legal conclusion to which no response is required.  To
the extent that a response is **required**, the allegations are denied.

### Count 3 – Chattel Unlikely to be Made Safe for Use

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 8

73.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

74.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

75.    Denied.

76.    Denied.

77.    Denied.

78.    Denied.

79.    Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

80.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

**Count 4 – Chattel for Use by Person Known to be Incompetent**

81.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

82.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

83.    Denied.

84.    Denied.

85.    Denied.

86.    Denied.

87.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 9

## <u>Count 5 – Chattel Used to Supplier's Business Purpose</u>

88.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

89.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

90.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, Defendants admit that HOVIC was a wholly owned subsidiary of Hess and deny any other implication alleged.

91.    Denied as stated.

92.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, denied.

93.    Denied.

94.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, denied as stated.

95.    Denied.

96.    Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

97.    Denied.

98.    Denied.

99.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, denied.

100.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

Case: 1:21-cv-00176-WAL-GWC    Document #: 4    Filed: 04/12/21    Page 10 of 25
Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 10

## CAUSES OF ACTION AGAINST HESS OIL NEW YORK CORP.
## (AS SUCCESSOR BY MERGER TO HOVIC)

### Count 6 – Premises Liability

101.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

102.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

103.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.  Defendants admit that HOVIC owned and operated an oil refinery on the south shore of St. Croix from its construction in 1965 until October 1998, but deny the remainder of the allegations.

104.    Denied as stated.

105.    Denied.

106.    Denied.

107.    Denied.

108.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

109.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

110.    Denied.

111.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

## CAUSE OF ACTION AGAINST HESS OIL NEW YORK CORP.
## (AS SUCCESSFUL BY MERGER TO HOVIC) AND
## VIRGIN ISLANDS INDUSTRIAL MAINTENANCE CORP. [SIC]

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 11

## **Count 7 – Chattel Known to be Dangerous for Intended Use**

112.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

113.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

114.    Denied.

115.    Denied.

116.    Denied.

117.    Denied.

118.    Denied.

119.    Denied.

120.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

## **Count 8 – Chattel Unlikely to be Made Safe for Use**

121.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

122.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

123.    Denied.

124.    Denied.

125.    Denied.

126.    Denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 12

127.    Defendants lack knowledge and information sufficient to form a belief as to the allegations and therefore deny same.

128.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

### Count 9 – Chattel for Use by Person Known to be Incompetent

129.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

130.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

131.    Denied.

132.    Denied.

133.    Denied.

134.    Denied.

135.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

### Count 10 – Chattel Used to Supplier's Business Purpose

136.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein.

137.    The allegation calls for a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

138.    The allegation calls for and/or implicates a legal conclusion to which no response is required.  To the extent that a response is required, the allegation is denied.

Case: 1:21-cv-00176-WAL-GWC    Document #: 4    Filed: 04/12/21    Page 13 of 25
Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 13

139.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, the allegations are denied.

140.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, the allegations are denied.

141.    Denied.

142.    Denied.

143.    Denied.

144.    Denied.

145.    Plaintiff fails to correctly identify the "Hess Refinery" to which Plaintiff is referring, however, assuming the HOVIC refinery, the allegations are denied.

146.    The allegations call for a legal conclusion to which no response is required.  To the extent that a response is required, the allegations are denied.

## CAUSES OF ACTION AGAINST GLENCORE LTD.

### Count 11 – Chattel Known to be Dangerous for Intended Use

147.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein. The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

148.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

149.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 14

150.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

151.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

**<u>Count 12 – Chattel Unlikely to be Made Safe for Use</u>**

152.     Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein. The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

153.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

154.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

155.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

156.     The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

**<u>Count 13 – Chattel for Use by Person Known to be Incompetent</u>**

157.     Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein. The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 15

158.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

159.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

160.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

## Count 14 - Chattel Used to Supplier's Business Purpose

161.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein. The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

162.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

163.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

164.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

165.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

## Count 15 – Negligent Undertaking

166.    Defendants restate and incorporate their answers to all preceding paragraphs as though fully set forth therein. The allegation is not applicable to these Defendants and,

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 16

therefore, no response is required.  To the extent that a response is required, the allegation

is denied.

167.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

168.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

169.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

170.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

## CAUSES OF ACTION AGAINST GENERAL ENGINEERING CORP. AND/OR GEC LLC AS SUCCESSOR-IN-INTEREST TO GENERAL ENGINEERING CORP.

### Count 16 – Negligence

171.     Defendants restate and incorporate their answers to all preceding paragraphs as

though fully set forth therein. The allegation is not applicable to these Defendants and,

therefore, no response is required.  To the extent that a response is required, the allegation

is denied.

172.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

173.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

174.     The allegation is not applicable to these Defendants and, therefore, no response is

required.  To the extent that a response is required, the allegation is denied.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 17

175.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

176.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

177.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

178.    The allegation is not applicable to these Defendants and, therefore, no response is required.  To the extent that a response is required, the allegation is denied.

## NOTICE OF PUNITIVE DAMAGES

179.    The allegation requires no response.  To the extent that a response is required, the Defendants admit Plaintiff is seeking punitive damages, but deny punitive damages are recoverable.

180.    Denied.

181.    Denied

## JURY TRIAL DEMANDED

182.    The allegation requires no response.  To the extent that a response is required, the Defendants admit Plaintiff has requested a jury trial

## ADDITIONAL DENIALS

1.    Defendants deny each and every allegation in Plaintiff's Complaint not heretofore expressly admitted or otherwise pleaded to in response.

2.    Defendants deny they are liable for any act or omission of any kind or nature whatsoever that would warrant the imposition of damages against it, as alleged, or at all.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 18

## AFFIRMATIVE DEFENSES

1.      Plaintiff fails to state a claim upon which relief can be granted.

2.      Process and/or service of process is insufficient and/or defective.

3.      The Court lacks personal jurisdiction.

4.      Plaintiff's claims are barred by the applicable statute of limitations and/or repose.

5.      Plaintiff's claims are barred by the doctrine of laches.

6.      Plaintiff may be a party to an arbitration agreement that requires Plaintiff to arbitrate these claims.

7.      Plaintiff's illnesses, if any, which are denied, are not the result of any acts or omissions committed by these Defendants, but of acts or omissions by named and unnamed parties over whom these Defendants exercised no dominion or control.

8.      Plaintiff's claims against these Defendants are barred by the doctrines of superseding and intervening negligence by third parties.

9.      To the extent any alleged damages are proximately caused and/or contributed to by persons other than the Defendant(s), the liabilities of all responsible persons, whether named and/or unnamed, should be apportioned according to their relative degrees of fault and the liability of the Defendant(s), if any, should be reduced accordingly.

10.     Plaintiff's claims are barred because Plaintiff knowingly assumed the risk of any alleged use of, or exposure to, asbestos, catalyst, silica or other dusts.

11.     Plaintiff's claims are barred because any alleged danger or injury due to exposure to catalyst, asbestos, silica and/or other dusts was an open and obvious danger over which these Defendants had no control, and consequently Defendants owed no duty to Plaintiff.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 19

12.     Plaintiff's own misconduct and lack of personal health care were the substantial, effective, intervening and superseding causes of the alleged injuries and alleged damages complained of, which may have included Plaintiff smoking.

13.     Even if Plaintiff was exposed to, or came into contact with, any allegedly toxic substances, which Defendants deny, the level of such contact or exposure at the HOVIC refinery, if any, which is denied, was insignificant as a cause of Plaintiff's alleged illnesses, and these Defendants are not liable.

14.     Plaintiff's cause may be barred by the exclusivity provisions of the Longshoremen and Harborworker's Compensation Act and/or the Virgin Islands Workers Compensation Act.

15.     Hess did not possess or exercise control over the alleged work sites at the HOVIC refinery where Plaintiff was allegedly exposed to catalyst, asbestos, and/or silica.

16.     The Complaint fails to allege a claim for which punitive damages can be recovered.

17.     Unless these Defendants' liability for punitive damages and the appropriate amount of punitive damages are required to be established by clear and convincing evidence, any award of punitive damages would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Revised Organic Act of the Virgin Islands.

18.     The claim of Plaintiff for punitive damages against these Defendants cannot be sustained because any award of punitive damages under Virgin Islands law without bifurcating the trial of all punitive damages issues would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and the due process provisions of the Revised Organic Act of the Virgin Islands.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 20

19.     The claim of Plaintiff for punitive damages against these Defendants cannot be sustained because an award of punitive damages under Virgin Islands law, subject to no predetermined limit such as a maximum multiple of compensatory damages or a maximum amount on the amount of punitive damages that a jury may impose, would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Revised Organic Act of the Virgin Islands.

20.     The claim of Plaintiff for punitive damages against these Defendants cannot be sustained because an award of punitive damages under Virgin Islands law by a jury that (1) is not provided a standard of sufficient clarity for determining the appropriateness or the appropriate size of a punitive damages award, (2) is not instructed on the limits on punitive damages imposed by the applicable principles of deterrence and punishment, (3) is not expressly prohibited from awarding punitive damages, in whole or in part, on the basis of invidiously discriminatory characteristics, including the corporate status of these Defendants, (4) is permitted to award punitive damages under a standard for determining liability for punitive damages that is vague and arbitrary and does not state with sufficient clarity the conduct or mental state that makes punitive damages permissible, and (5) is not subject to judicial review on the basis of objective standards, would violate these Defendants' due process and equal protection rights guaranteed by the Fourteenth Amendment to the United States Constitution and the double jeopardy clauses of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Revised Organic Act of the Virgin Islands for due process, equal protection and guaranty against double jeopardy.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 21

21.     The claim of Plaintiff for punitive damages against these Defendants cannot be sustained because an award of punitive damages under Virgin Islands law for the purpose of compensating Plaintiffs for elements of damage not otherwise recognized by Virgin Islands law would violate these Defendants' due process rights guaranteed by the Fourteenth Amendment to the United States Constitution and by the due process provisions of the Revised Organic Act of the Virgin Islands.

22.     Any award of punitive damages based on anything other than these Defendants' conduct in connection with the specific allegations that are the subject of this lawsuit would violate the due process clause of the Fourteenth Amendment to the United States Constitution and the double jeopardy clause of the Fifth Amendment as incorporated into the Fourteenth Amendment and the Revised Organic Act of the Virgin Islands provisions providing for due process and guaranty against double jeopardy because any other judgment for punitive damages in this case cannot protect these Defendants against impermissible multiple punishment for the same wrong.

23.     The plaintiff's claims are barred or, in the alternative, the damages to which Plaintiff is entitled must be reduced pursuant to the Doctrine of Comparative Negligence.

24.     Defendants are not responsible for the actions of Plaintiff's employers or any known or unknown third parties, as they were independent contractors or product suppliers at the time of the alleged events.

25.     Plaintiff's claims are barred as to these Defendants due to the state of the art of medical, scientific, and industrial knowledge at the time of the alleged exposure.

26.     At all times material thereto, the state of the medical and industrial art was such that only manufacturers would have known of any unsafe or inherently dangerous or

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 22

hazardous character or nature of any products and failed to properly warn of the dangers
of these products, if any.

27.      The contractors who were Plaintiff's employers may have known of the health
hazards associated with any products and should have acted in a prudent fashion with
respect to the protection of their own employees whom the contractors chose to work on
HOVIC's premises.

28.      If Plaintiff has any illness, which is specifically denied, it is not related to toxic
exposure, which was not the proximate cause of any illness, loss or injury of the Plaintiff
in conjunction with any employment he may have had on HOVIC's premises, and that any
alleged injury or illness resulted from exposure to toxic or hazardous substances at other
locations other than at the HOVIC refinery in St. Croix.

29.      The misuse or improper use of the products by the Plaintiff entrusted to him was
the sole proximate cause or substantially contributing cause of the Plaintiff's alleged illness
and injuries, if any, which are denied.

30.      Plaintiff may have been negligent in the performance of Plaintiff's duties so that
such negligence was the sole proximate cause of any loss or damage alleged in the
Complaint and, if not the sole cause, was a contributing cause to such a degree as to bar or
diminish Plaintiff's recovery against these Defendants pursuant to provisions of 5 V.I.C.
§1451 et seq.

31.      Defendants had no control over the specific working conditions, method of
fabrication, and other factors pertaining to the use of the products described in the
Complaint alleged to be harmful to the Plaintiff and each of the Plaintiff's own employers,

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 23

at all times, were responsible for the Plaintiff's working conditions, methods of application and other use or misuse of the products, all without the fault of the Defendants.

32.     Plaintiff, in a prior action, may have released the Defendants from all past and future claims.

33.     Defendants do not have liability for the acts, errors or omissions, if any, which is denied, attributable to other parties or entities, including each other.

34.     Defendants incorporate by reference the affirmative defenses of the any other party or future party to be added herein.

35.     Defendants are entitled to an offset against any liability for the greater of: (a) any amounts actually paid by any person heretofore or hereafter for any of the costs and damages alleged in the Complaint; or (b) the equitable share of the liability of any person or entity that heretofore has received or hereafter receives a release from liability or covenant not to sue with respect to any of the costs or damages alleged in the Complaint.

36.     Hess did not control safety decisions and policies in effect at the HOVIC refinery dealing with catalyst, asbestos, silica or other dusts.

37.     Hess Corporation is a Delaware corporation not doing business in the Virgin Islands and not supplying any products for alleged use by Plaintiff at the HOVIC refinery.

38.     Plaintiff may have failed to mitigate his damages as required by law.

39.     To the extent Plaintiff has mitigated his damages from collateral sources, any payments from collateral sources are claimed as a set off against any judgment the Plaintiff may recover against this Defendant.

40.     Plaintiff is not entitled to pre-judgment interest as a matter of law.

41.     Any damages for future loss, which are denied, must be reduced to present value.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 24

42.     Defendants reserve the right, upon completion of their investigation and discovery, to file such additional defenses, affirmative defenses, or third-party complaints as may be appropriate after completion of discovery.

WHEREFORE, Defendants Hess and HONYC demand judgment against Plaintiff dismissing the Complaint, together with costs, attorney's fees and such other and further relief as the Court deems just and appropriate.

## CROSSCLAIM AGAINST DEFENDANT GLENCORE LTD.

COME NOW Defendants Hess Corporation ("Hess") and Hess Oil New York Corp. ("HONYC"), as successor by merger of Hess Oil Virgin Islands Corp. ("HOVIC"), and pursuant to Fed. R. Civ. P. 13(g), and as and for their crossclaim against Defendant Glencore Ltd. ("Glencore"), allege as follows:

1.     The Plaintiff filed a Complaint in this Action against Glencore, Hess and HONYC alleging injury and seeking damages.

2.     Hess and HONYC deny any liability to the Plaintiff.

3.     Pursuant to Virgin Islands Code, title 5, section 1451(d), Defendants Hess and HONYC are entitled to have the liability (if any) of Defendant Glencore apportioned at the trial of this Action.

4.     However, pursuant to *World Fresh Mkts., LLC v. Palermo*, ____ VI ____, 2021 V.I. Supreme LEXIS 2 (V.I. 2021), a defendant is barred from having the liability of any co-defendant apportioned at trial, unless the co-defendant is a named defendant, including a crossclaim defendant and/or a third party defendant, at the time the verdict is rendered.

Gregory Mathurin v. Hess, et al.;
Answer to Complaint and Crossclaim
Page 25

     5.       If the court or jury finds in favor of the Plaintiff at trial, to the extent Hess and/or HONYC pay Plaintiff any portion of the damages attributable to the liability of the Defendant Glencore, Hess and/or HONYC are entitled to recover common law contribution against Defendant Glencore for its respective portion of the damages paid to Plaintiff by Hess and/or HONYC.

**WHEREFORE**, Defendants Hess and HONYC further demand judgment as follows:

1. Apportioning liability as between all parties; and

2. Against Defendant Glencore for common law contribution for any and all sums that may be paid as damages to Plaintiff on account of the liability of Defendant Glencore; and

3. Any pre- and post-judgment interest, costs, attorneys' fees, and any other relief this Court deems appropriate.

                                    Respectfully submitted,

                                    **Beckstedt & Kuczynski LLP**
                                    *Attorneys for Defendants Hess and HONYC*
                                    2162 Church Street
                                    Christiansted, VI   00820
                                    Tel: (340) 719-8086 / Fax: (800) 886-6831

DATED: April 12, 2021      By:     s/ Carl A.Beckstedt, III
                                      Carl A. Beckstedt III, Esq.
                                      carl@beckstedtlaw.com
                                      VI Bar No. 684

## <u>CERTIFICATE OF SERVICE</u>

    I HEREBY CERTIFY that on this April 12, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System, which will send a notification of electronic filing (NEF) to all parties through their counsel of record
   .

                                     s/ Carl A. Beckstedt III