## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. CROIX

GREGORY A. MATHURIN,     )
                )
       Plaintiff,     )
                )
     v.     )
                )
HESS CORPORATION, HESS OIL     )
NEW YORK CORP., as successor by merger     )
of HESS OIL VIRGIN ISLANDS CORP.,     )
GLENCORE LTD., and COSMOGONY     )
II, INC.,     )
                )     **Civil Action No. 2021-0176**
       Defendants,     )
                )
                )
HESS CORPORATION and HESS OIL     )
NEW YORK CORP.,     )
                )
       Cross-Claimants/     )
            Cross-Defendants,     )
                )
     v.     )
                )
GLENCORE LTD.,     )
                )
       Cross-Defendant/     )
            Cross-Claimant.     )
                )

**Attorneys:**

**J. Russell B. Pate, Esq.,**
St. Thomas, U.S.V.I.
**Korey A. Nelson, Esq.,**
New Orleans, LA
**Warren T. Burns, Esq.,**
Dallas, TX
     *For Plaintiff*

**Carl A. Beckstedt, III, Esq.,**
**Michael A. Rogers, Esq.,**
St. Croix, U.S.V.I.

**Carolyn F. O'Connor, Esq.,**
**Joseph T. Hanlon, Esq.,**
Florham Park, NJ
  *For Defendants Hess Corporation and*
   *Hess Oil New York Corp.*

**Richard H. Hunter, Esq.,**
St. Croix, U.S.V.I.
  *For Defendant Glencore Ltd.*

## <u>MEMORANDUM OPINION</u>

**Lewis, District Judge**

  THIS MATTER comes before the Court on the "Motion to Strike the First Amended Complaint, or in the Alternative, to Deny Joinder" ("Motion to Strike") (Dkt. No. 23) filed by Defendant Glencore Ltd. ("Glencore"). Plaintiff Gregory A. Mathurin ("Plaintiff") has filed an Opposition to the Motion to Strike (Dkt. No. 28) and a "Motion to Remand This Action to the Superior Court" ("Motion to Remand") (Dkt. No. 29). Glencore then filed a "Reply" in support of its Motion to Strike (Dkt. No. 31) and an Opposition to the Motion to Remand. (Dkt. No. 30).

  For the reasons set forth below, Glencore's Motion to Strike will be denied and Plaintiff's Motion to Remand will be granted.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

  In December 2020, Plaintiff filed this action in the Superior Court of the Virgin Islands, St. Croix Division, against Defendants Glencore, a Swiss corporation with its principal place of business in New York; Hess Corporation ("Hess"), a Delaware corporation based in New York; Hess Oil Virgin Islands Corp. ("HOVIC"),[1] a Virgin Islands corporation with its principal place

---

[1] HOVIC, a wholly owned subsidiary of Hess, merged with Hess Oil New York Corporation ("HONYC") in May 2020. HONYC is a New York Corporation with its principal place of business in New York. (Dkt. No. 1-1 at 1-2).

of business in the Virgin Islands; and General Engineering Corporation ("GE Corporation") and its alleged successor-in-interest, GEC LLC (collectively "GEC Defendants"), both of which allegedly are incorporated in the Virgin Islands. (Dkt. No. 1-1 at 2-3).

Plaintiff, a former employee at HOVIC's oil refinery on St. Croix, asserts local law tort claims against Defendants for injuries he allegedly sustained during his employment at the refinery. (Dkt. No. 1-1 at 3-4). Plaintiff claims he was exposed to various bauxite dusts, caustic soda, asbestos-containing materials, and alumina dust while working at HOVIC and that this exposure caused him to develop pneumoconiosis. Plaintiff alleges that Defendants are responsible for his medical condition as a result of their actions relating to the refinery's operations. *Id.* at 3-6. The claims in this case are similar—if not identical—to claims asserted in hundreds of other cases filed in the St. Croix Division of the Superior Court for many years against Hess, HOVIC, and—on occasion—Glencore and other defendants. (Dkt. No. 24 at 1-2).[2]

On April 7, 2021, Glencore removed the instant action to this Court asserting that HOVIC is now a New York corporation—Hess Oil New York Corp. ("HONYC")—and that the GEC Defendants were fraudulently joined in the action. (Dkt. No. 1 at 2-3). Glencore contends that GE Corporation is defunct and has been for a number of years. Glencore also argues that GEC LLC is a "sham" Defendant with no potential liability in this case. *Id.* at 3-4. Defendants Hess and HOVIC consented to removal of the action. (Dkt. No. 3). The three Defendants which supported removal filed Answers to Plaintiff's Complaint and cross claims against each other. (Dkt. Nos. 4, 7).

---

[2] *See, e.g., Beharry v. Hess Corporation*, No. 1:2020-cv-0078, 2021 WL 2143817, at *1 (D.V.I. May 25, 2021); *In re: Refinery Dust Claims*, Master Case No. SX-06-cv-78, 2019 WL 6827590 (V.I. Super. Dec. 13, 2019); *Daniel v. Borinquen Insulation Co. Inc.*, No. SX-98-cv-192, 2017 WL 3381067 (V.I. Super. July 28, 2017); *In re Catalyst Litigation*, No. SX-05-cv-799, 2010 WL 7371974 (V.I. Super. Nov. 18, 2010); *In re: Kelvin Manbodh Asbestos Litigation Series*, Master Case No. 324/1997, 2002 WL 35631513 (V.I. Terr. Oct. 4, 2002).

Shortly after the Answers were filed, Plaintiff filed a First Amended Complaint ("FAC") under FED. R. CIV. P. 15(a)(1). (Dkt. No. 11). The FAC substituted HONYC for HOVIC and replaced GE Corporation with its alleged successor, Cosmogony II, Inc. ("Cosmogony"). Plaintiff alleges that Cosmogony is incorporated and has its principal place of business in the Virgin Islands. *Id.* at 2. Other than naming the successors in interest to HOVIC and GE Corporation, the FAC did not otherwise make substantive changes to Plaintiff's claims. (Dkt. No. 11-1).

Hess and HONYC filed an Answer to Plaintiff's FAC. (Dkt. No. 16). However, Glencore filed a Motion to Strike under Rule 12(f) and 28 U.S.C. § 1447(e). (Dkt. No. 23). Glencore argues that: (1) Plaintiff's FAC was filed for purposes of destroying diversity jurisdiction and should not be permitted under 28 U.S.C. § 1447(e) and *Hensgens v. Deere & Co.*, 833 F.2d 1179 (5th Cir. 1987); and (2) Cosmogony is a *pro forma* shell entity devoid of any assets and has not paid franchise taxes or filed annual reports in the Virgin Islands since December 2016. (Dkt. No. 24 at 6-20). Glencore relies, in part, on arguments and exhibits presented in other cases before this Court. *Id.* at 2, 5, 15.

Plaintiff opposes Glencore's Motion to Strike and supports its Motion to Remand by: (1) asking the Court to take judicial notice of, and incorporating by reference, arguments raised in other plaintiffs' Motions to Amend and responsive filings submitted in several other cases; (2) asking the Court to take judicial notice of, and incorporating by reference, arguments and authorities asserted in other plaintiffs' Motions to Remand; and (3) relying on opinions entered by this Court in cases that brought similar claims against Hess, HONYC, and Virgin Islands Industrial Maintenance Corporation ("IMC"). (Dkt. No. 28 at 1-2).[3]

---

[3] In light of the number of cases involving Glencore, these same attorneys, and highly similar claims and issues, the Court recognizes the need for counsel to conserve their clients' and their own resources by not "reinventing the wheel." However, this admirable goal does not give counsel

## II.      APPLICABLE LEGAL PRINCIPLES

### A.      Diversity Jurisdiction

It is axiomatic that federal courts are courts of limited subject matter jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts possess subject matter jurisdiction only over cases that present a federal question, 28 U.S.C. § 1331, or when diversity of citizenship exists and the value of the claim exceeds $75,000, 28 U.S.C. § 1332(a). The burden of establishing a federal court's subject matter jurisdiction rests on the party invoking that jurisdiction. *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 395 (3d Cir. 2016); *The Fred, LLC v. Capstone Turbine Corp.*, Case No. 1:2020-cv-0029, 2021 WL 1082513, at *1 (D.V.I. Mar. 17, 2021).

For diversity jurisdiction to exist under 28 U.S.C. § 1332(a)(1), there must be complete diversity of citizenship between the parties, in that "no plaintiff can be a citizen of the same state

---

license to transfer to the Court the burden of sorting through various cases to locate exhibits and discern the legal arguments being presented in order to resolve the issues raised.

For example, Glencore's Motion to Strike refers to declarations and exhibits filed in other cases. (Dkt. No. 24 at 2, 3, 5, 6, 15, 16, 18, 19). Glencore's Response to Plaintiff's Motion to Remand takes the same approach. (Dkt. No. 30 at 2-3). Instead of attaching to the Motion and Response excerpts of the declarations and exhibits that are germane to the filings—as required by LRCi 5.4(e)(2) and (e)(3) (2021)—Glencore simply identifies the other cases where the exhibits may be found. Similarly, Plaintiff has responded to Glencore's Motion to Strike by requesting that the Court "take judicial notice" of, and/or by incorporating by reference, information and arguments set forth in Motions to Amend and responses submitted in four other cases without attaching nonduplicative portions of those filings and documents that are directly germane to the matter. (Dkt. No. 28). *See* LRCi 5.4(e)(2), (e)(3).

It is not this Court's responsibility to sort through multiple other cases to locate, compile and review exhibits, arguments, and information on which the parties seek to rely in the instant matter. It is counsel's responsibility to present its submissions to the Court in a form and manner that is consistent with the Local Rules and that does not require the Court to go hunting through a myriad of pleadings in other cases to piece together the arguments advanced. Counsel are advised accordingly.

as any of the defendants." *Walthour v. City of Philadelphia*, 852 F. App'x 637, 639 (3d Cir. 2021). The Court has an independent and ongoing obligation to ensure that it has subject matter jurisdiction over an action, and to raise the issue *sua sponte* even when the parties fail to raise it. *Seneca Res. Corp. v. Township of Highland*, 863 F.3d 245, 252 (3d Cir. 2017).

### B.   Removal of Cases from Superior Court

A defendant in a state (or territorial) civil action may remove the case to federal court if the federal court would have had jurisdiction to hear the matter in the first instance. 28 U.S.C. § 1441(a); *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Removal statutes are to be strictly construed against removal and all doubts should be resolved in favor of remand. *Batoff v. State Farm Ins. Co.*, 977 F.2d 848, 851 (3d Cir. 1992); *The Fred, LLC,* 2021 WL 1082513, at *1. The strict construction of removal statutes honors Congress' power to determine the contours of the federal court's limited subject matter jurisdiction. *See Bowles v. Russell*, 551 U.S. 205, 212-13 (2007) ("Because Congress decides whether federal courts can hear cases at all, it can also determine when, and under what conditions, federal courts can hear them."); *Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 108-09 (1941) (removal statutes evidence Congress' purpose to restrict the jurisdiction of the federal courts on removal); *see also Carlsberg Resources Corp. v. Cambria Sav. & Loan Ass'n*, 554 F.2d 1254, 1257 n.8 (3d Cir. 1977) (Congress has restricted diversity jurisdiction, "relieving the federal courts of the overwhelming burden of 'business that intrinsically belongs to the state courts' in order to keep them free for their distinctive federal business"). The defendant bears the burden of establishing that removal is proper. *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990).

If the propriety of the removal or joinder is challenged, review of such issues is controlled, in part, by 28 U.S.C. § 1447. That statute provides, in relevant part:

(c) A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). *If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.* . . .
. . .

(e) If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court.

28 U.S.C. § 1447 (emphasis added).

### 1. Fraudulent Joinder

When considering the removal of actions that include nondiverse defendants at the time of removal, the propriety of including the nondiverse defendant is evaluated under the fraudulent joinder doctrine. *See In re Briscoe*, 448 F.3d 201, 216 (3d Cir. 2006). Joinder of a nondiverse defendant is considered fraudulent where there is (1) "no reasonable basis in fact or colorable ground" supporting any claim against the nondiverse defendant, or (2) "no real intention in good faith to prosecute the action" against the nondiverse defendant. *Batoff*, 977 F.2d at 851; *In re Briscoe*, 448 F.3d at 216 (citing *Abels v. State Farm Fire & Cas. Co.*, 770 F.2d 26, 29 (3d Cir. 1985)). The Court "must resolve all contested issues of substantive fact in favor of the plaintiff and must resolve any uncertainties as to the current state of controlling substantive law in favor of the plaintiff." *Boyer v. Snap-on Tools Corp.*, 913 F.2d at 111. The moving party carries a "heavy burden of persuasion" to establish fraudulent joinder. *Abels*, 770 F.2d at 32; *Beharry v. Hess Corporation*, 2021 WL 2143817, at *4.

### 2. 28 U.S.C. § 1447(e)

When a plaintiff seeks to add a nondiverse party to a case after its removal to federal court, the majority of courts apply the factors set out in *Hensgens v. Deere & Co.*, 833 F.3d at 1182. When considering a motion to amend or an amended complaint, the court is tasked under *Hensgens*

7

with weighing "(1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether plaintiff has been dilatory in asking for amendment; (3) whether plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities." *Paul*, 2021 WL 2144910, at *7 (citing *City of Perth Amboy v. Safeco Ins. Co. of Am.*, 539 F. Supp. 2d 742, 752-53 (D.N.J. 2007), *report and recommendation adopted*, 539 F. Supp. 2d 742 (D.N.J. 2008)). These factors are used to determine whether a court, in exercising its discretion under Section 1447(e), "should (1) permit the addition of the nondiverse party and remand, or (2) reject the amendment and retain jurisdiction." *Paul*, 2021 WL 2144910, at *5 (citing *Gumberg Assoc.-Chapel Square v. Keybank Nat'l Ass'n*, Case No. 2:20-cv-01661, 2021 WL 492880, at *3-4 (W.D. Pa. Feb. 10, 2021)). District courts have substantial discretion in deciding whether to permit joinder of a nondiverse defendant. *Taylor v. GGNSC Philadelphia, LP*, No. 14-cv-7100, 2015 WL 5584781, at *4 (E.D. Pa. Sept. 23, 2015).

## III.   DISCUSSION

Glencore removed the instant action to this Court despite the presence of local Defendants—HOVIC, GE Corporation, and GE Corporation's alleged successor-in-interest, GEC LLC—in the original Complaint. (Dkt. No. 1-1 at 2-3). Glencore's Notice of Removal asserted that HOVIC was no longer a local business in light of its merger with HONYC, and that the GEC Defendants were fraudulently joined in order to destroy diversity jurisdiction. Glencore argued that GE Corporation had been defunct for over 20 years and that GEC LLC was not related to GE Corporation. (Dkt. No. 1 at 2-4). Twenty-one (21) days after removal, Plaintiff filed his First Amended Complaint which substituted Cosmogony for the GEC Defendants and HONYC for HOVIC. (Dkt. No. 11). Glencore concedes that Cosmogony is the successor corporation of GE Corporation through various mergers (Dkt. Nos. 24 at 3-4; 24-2), but contends that Cosmogony,

too, has been fraudulently joined in this matter because it is no longer operating in the Virgin Islands, and has not paid franchise taxes or filed annual reports with the Territorial Government since December 2016. (Dkt. No. 24-2).

As noted by Glencore, there is a split among courts as to the impact that 28 U.S.C. § 1447(e) has when an amended complaint is filed pursuant to Rule 15(a) after the action is removed. (Dkt. No. 24 at 6-13).[4] In that context, the issue arises as to whether the Court's discretion to deny joinder pursuant to Section 1447(e) takes precedence over Rule 15(a)'s authority to file an amended complaint as a matter of right. This Court has previously explored these cases—setting out the majority and minority rules—in detail. *See, e.g., Paul v. Hess Corp., et al.*, No. 1:2020-cv-102, 2021 WL 2144910, at *5-6 (D.V.I. May 25, 2021). Most courts have concluded—as Glencore argues—that Section 1447(e) takes precedence and therefore the Court considers whether to allow joinder by analyzing the factors identified in *Hensgens*. A minority of courts have concluded that Rule 15(a) takes precedence and that the fraudulent joinder analysis governs.

Even if the Court adopts the majority view in concluding that Section 1447(e) takes precedence over Rule 15(a), the circumstances here present yet another peculiarity. Unlike those cases in which the entity that is added post-removal is an independent entity from the other defendants, Plaintiff's original Complaint actually named GE Corporation, the predecessor company of the challenged "new" Defendant. While Plaintiff's Amended Complaint substitutes

---

[4] Since the initial adoption of the Federal Rules of Civil Procedure, Rule 15(a) has allowed pleadings to be amended once, as a matter of course, within a specified period of time. 6 CHARLES A. WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. CIV. § 1480 (3d ed.) (discussing amendments under Rule 15(a)(1)). Rule 15(a) provides in pertinent part: "A party may amend its pleading once as a matter of course within: . . . (2) if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading . . . ." FED. R. CIV. P. 15(a)(2). Normally, such amendments are automatic and require no court action. *Route 27, LLC v. Getty Petroleum Marketing, Inc.*, Civ. No. 10-3080, 2011 WL 1256618, at *3 (D.N.J. Mar. 30, 2011).

Cosmogony for the GEC Defendants, it did so to correctly identify the successor to GE Corporation, which it had previously identified erroneously as GEC LLC. It might thus appear that the same issue of fraudulent joinder—which Glencore raised as to the GEC Defendants— may also be raised as to Cosmogony to the extent that Cosmogony is viewed as simply the correctly identified successor to the GE Corporation. In the same vein, one could question whether Cosmogony is really an "additional defendant" within the meaning of 28 U.S.C. § 1447(e). *See Paul*, 2021 WL 2144910, at *5-7 (noting that § 1447[e] applies when a *post-removal amendment* adds a defendant that would destroy diversity jurisdiction and that the separate doctrine of fraudulent joinder applies when evaluating the propriety of a nondiverse defendant included in *pre-removal* pleadings).

In light of the peculiarities here, the Court will consider both the *Hensgens* and fraudulent joinder analyses. As discussed below, the Court finds that, under the circumstances here, the result is the same under either analysis—namely, that remand is appropriate.

### A.   *Hensgens* Factors

Turning first to the *Hensgens* analysis, the Court will consider each of the factors in turn.

#### 1.  Purpose of Amended Complaint

In addressing the first *Hensgens* factor, Glencore asserts that the sole purpose of Plaintiff's FAC was to destroy diversity jurisdiction. Glencore begins its arguments by detailing prior cases brought against Glencore and the Hess Defendants in the Virgin Islands Superior Court. (Dkt. No. 24 at 2-3). Glencore labels GE Corporation as a "*pro forma* diversity destroying" defendant used by prior plaintiffs in earlier cases. *Id.* at 2. Glencore notes that another attorney—Thomas Alkon, Esq.—filed 22 asbestos-related cases in 2011 against Glencore and other parties, including GE Corporation. Glencore provides a Declaration from Eliot Lauer, Esq., which states that no motions

were filed by, or discovery directed to, GE Corporation by those plaintiffs, but that in 2015—nearly four years later—those plaintiffs "resolved their differences [with GE Corporation] by way of settlement." (Eliot Lauer Declaration, at ¶¶ 3, 4, 6, 8). Attorney Lauer also reported that Attorney Alkon filed 18 earlier cases against Glencore and GE Corporation in 2007 and 2008 and thereafter voluntarily dismissed GE Corporation after the time for removal had expired. *Id.* at ¶ 14, Appendix. Attorney Alkon's Declaration reports that he named GE Corporation as a defendant in various cases he filed against Martin Marietta in 2008. Based upon unspecified information provided to him by counsel for GE Corporation, Attorney Alkon ultimately decided to dismiss GE Corporation as a Defendant. (Alkon Declaration, at ¶¶ 1-5). Glencore contends that these facts show that GE Corporation, the improperly named successor GEC LLC, and now the "*pro forma* shell entity" Cosmogony have been added to this case solely for the purpose of defeating federal jurisdiction. (Dkt. No. 24 at 1-3).

Glencore's reliance on the actions taken and decisions made by another attorney in earlier cases carries little—if any—weight in evaluating the decisions of Plaintiff and current counsel in *this* case. Nor does Glencore cite any legal authority to the contrary. Attorney Alkon's decisions regarding the strength or weakness of his clients' claims against GE Corporation are those made by him well before current counsel entered appearances in some of those cases in 2019 or filed this case in 2020. Attorney Alkon's choices and decisions do not establish that the current Plaintiff and his counsel added GE Corporation or Cosmogony to defeat federal jurisdiction.

Glencore further argues that this case falls into the "specific fact pattern" where courts "have consistently found that the purpose of amendment was plainly to destroy diversity"—namely, that plaintiff knows or should have known of a defendant's activities or identity but did not include that party. (Dkt. No. 24 at 14-15). This argument fails, however, because none of the

cases upon which Glencore relies involves a situation—as here—where the predecessor company of the "newly named" defendant had been named as a defendant from the outset and the "new" defendant was added to correct a previously misidentified successor. Rather, the cases upon which Glencore relies involve the addition of entirely new defendants which the courts found were either known or should have been known by the plaintiff much earlier. Thus, contrary to Glencore's assertion, this case does not fit the "specific fact pattern" presented by the cases upon which Glencore relies for the proposition that "the purpose of amendment was plainly to destroy diversity." *Id.* at 14.

Glencore also cites to this Court's prior opinion in *Paul*, 2021 WL 2144910, a case involving nearly identical claims in which the Court concluded that the post-removal inclusion of Virgin Islands Industrial Maintenance Corporation ("IMC") in the case raised an inference that the amendment was intended to destroy diversity jurisdiction. *Id.* at *7.[5] Like the other cases upon which Glencore relies, *Paul* is distinguishable because the Amended Complaint added an entirely new defendant—IMC—rather than only correcting the identity of a successor to a defendant that was named pre-removal. *See also Dever v. Family Dollar Stores of Georgia, LLC*, 755 F. App'x 866, 869 (11th Cir. 2018) (reversing finding of fraudulent joinder when Plaintiff sued nondiverse party before removal, but misidentified the party who was the manager at the time of her injury).

For these reasons, the Court finds that Glencore has failed to establish that Plaintiff's sole or primary purpose in amending the Complaint to include Cosmogony was to destroy diversity jurisdiction. To the contrary, the Court finds that the purpose was more specifically to correct the identity of a pre-removal Defendant. Thus, this factor weighs in favor of Plaintiff.

---

[5] Notwithstanding this inference, the Court in *Paul* remanded the case to the Superior Court after weighing all of the *Hensgens* factors. *Paul*, 2021 WL 2144910, at *9-10.

## 2.  Delay in Amending Complaint

Glencore also takes issue with Plaintiff's alleged delay in naming the correct successor—Cosmogony—after removal. (Dkt. No. 24 at 2-3, 17-18). In its Notice of Removal, Glencore stated that GEC LLC was not the successor-in-interest to GE Corporation. (Dkt. Nos. 1 at 4; 14 at 5). Glencore's Notice identified Cosmogony as the latest in a series of successors in interest to GE Corporation. (Dkt. No. 1-2 at 2). Plaintiff filed his Amended Complaint identifying Cosmogony as GE Corporation's successor-in-interest 21 days after the Notice of Removal was filed. (Dkt. No. 11). Glencore argues that Plaintiff was dilatory in adding Cosmogony, which weighs against permitting the joinder of Cosmogony in the case. (Dkt. No. 24 at 17-18).  The Court disagrees.

Plaintiff's Amended Complaint was filed 21 days after Glencore's Notice of Removal which identified Cosmogony (Dkt. Nos. 1 at 3; 11) and 16 days after Glencore's Answer. (Dkt. No. 7). There is ample support for the proposition that amendments filed within the 21-day time period permitted by FED. R. CIV. P. 15(a) are not dilatory when considering whether post-removal joinder is permissible. *See, e.g.*, *Gumberg Associates-Chapel Square*, 2021 WL 492880, at *4 (adding lenders to action was not dilatory when the amended pleading adding the nondiverse lenders was filed within the time for amendments made as a matter of course); *Agostino v. Costco Wholesale Corp.*, Civ. No. 19-8976, 2019 WL 6080242, at * 5 (D.N.J. June 24, 2019) (plaintiff was not dilatory in seeking to amend to substitute individual for John Doe defendant when amendment was made within 16 days of removal and 4 days after Costco's answer, especially when there had been no scheduling conference, no discovery had occurred, and no trial had been set). Other cases have found that delays outside the 21-day period allowed by Rule 15(a) were not dilatory under *Hensgens* when the addition of the party occurs during the early stages of the litigation. *See, e.g.*, *C.I.N. Const., LLC v. Hunt Const. Group, Inc.*, Civ. No. 08-5810, 2009 WL

2998965, at *3, 12 (D.N.J. Sept. 18, 2009) (motion to amend filed four months after removal and within time permitted by scheduling order was not dilatory); *Kahhan v. Mass. Cas. Ins. Co*., Civ. No. 01-1128, 2001 WL 1454063, at *2 (E.D. Pa. Nov. 14, 2001) (Plaintiff not dilatory in seeking to amend her complaint less than one month after Defendant filed its Answer and Counterclaim, and within 3 months after the case was removed). Likewise, in evaluating dilatoriness, courts have considered whether the amendment is designed to unnecessarily prolong the litigation. *See, e.g., 31-01 Broadway Assoc., LLC v. Travelers Cas. & Surety Co.*, Civ. No. 17-6292, 2019 WL 5061320, at *5 (D.N.J. Oct. 10, 2019) (rejecting defendants' argument that plaintiffs were dilatory because they waited over 200 days after removal before seeking leave to amend); *Camilli v. Wal-Mart Stores, Inc.*, Civ. No. 18-2849, 2019 WL 1432481, at *2 (E.D. Pa. Mar. 28, 2019) (improperly filing amended complaint 38 days after removal and correcting the error to properly seek leave to amend six months later was not dilatory under *Hensgens*).

This case is in the early stages of litigation and there is no indication that the amendment is intended to unreasonably prolong the litigation. Indeed, there has been no initial scheduling conference and, based upon the parties' Stipulation, all discovery in this matter has been partially stayed pending a ruling on the Motion to Remand filed in *McNamara v. Hess Corporation, et al.*, Case No. 1:20-cv-060. (Dkt. No. 41). Moreover, unlike other cases on which Glencore relies, Cosmogony is not a "new" Defendant in the true sense of the word in light of its successor relationship to the previously identified GE Corporation which was named as a Defendant pre-removal and from the outset of the litigation. The Court agrees that Plaintiff, through his counsel, should have been more thorough and proactive in researching and correctly identifying GE

Corporation's successor-in-interest.[6] However, based on the totality of the circumstances as reflected in the foregoing considerations, the Court concludes that Glencore has failed to establish that Plaintiff was dilatory in seeking to amend the Complaint to correct the identity of GE Corporation's successor-in-interest.[7] Accordingly, this factor weighs in Plaintiff's favor.

### 3. Other *Hensgens* Factors

The third and fourth *Hensgens* factors are whether Plaintiff will be significantly injured if the amendment is not allowed and whether any other factors bear on the equities. Glencore argues that these factors weigh in its favor because Cosmogony is devoid of assets. Defendant asserts that absent assets, Plaintiff would not likely pursue Cosmogony and that other defendants could satisfy

---

[6]. Glencore alleges that Plaintiff should have known no later than December 21, 2020, that GEC, LLC was not a successor-in-interest to GE Corporation (Dkt. No. 24 at 18). This assertion is based upon Glencore's allegations in its First Amended Complaint in a separate matter involving the same counsel who represents Plaintiff that, "*[u]pon information and belief*, GEC, LLC is not a successor-in-interest to General Engineering Corporation. GEC, LLC has denied that it is a successor-in-interest to General Engineering Corporation." *Glencore Ltd. v. Davis, et al.*, Case No. 1:20-cv-0075, Dkt. No. 26 at ¶ 53. While the Court agrees that such an assertion should have prompted inquiry, Plaintiff—through his counsel—did not have to simply accept Glencore's "upon information and belief" allegation at face value.

[7] In arguing to the contrary, Glencore relies heavily on *Winters v. Akzo Nobel Surface Chemistry, LLC*, Civil No. 19-5398, 2021 WL 1387770 (E.D. Pa. Apr. 13, 2021); *Albino v. Home Depot*, Civ. No. 20-2626, 2020 WL 2932946 (D.N.J. June 3, 2020); and *Milko v. Int'l Flavors & Fragrances, Inc.*, Civ. No. 15-8291, 2016 WL 8709998 (D.N.J. July 29, 2016). (Dkt. No. 24 at 17). The facts in this case, however, are readily distinguishable. In two of those cases—*Albino* and *Milko*—plaintiffs were aware of the new defendants' correct identities, their involvement in the injury, and their status as nondiverse defendants *before* filing the lawsuit, but did not attempt to include the nondiverse defendants until after the action was removed to federal court. *See Albino,* 2020 WL 2932946, at *5 (amendment was dilatory because of plaintiffs' prior knowledge of the nondiverse defendants' identities and involvement in injury, and because the amended complaint failed to allege any new factual allegations involving those defendants); *Milko*, 2016 WL 8709998, at *7 (plaintiff was dilatory in amending pleading—more than two-years after discriminatory conduct—because Plaintiff knew of the involvement of the proposed new defendants in adverse action). In the third case—*Winters*—plaintiff filed an action with an improper nondiverse party not involved in the incident, and then sought to amend the complaint to name the new defendants unrelated to the other parties. 2021 WL 1387770, at *1.

any judgment that Plaintiff may obtain. (Dkt. No. 24 at 19-20). Glencore also notes that other cases against Glencore are being litigated in this Court. *Id.* at 20-21. The Court finds these arguments unpersuasive. *See Brooks v. Glencore, Ltd.*, No. 1:2021-cv-0251, 2022 WL 613292 (D.V.I. Mar. 1, 2022).

Glencore has repeatedly asserted that Cosmogony is a "pro forma" defendant and nothing but a hollow shell. (Dkt. No. 24 at 2-5, 15-16, 19). Glencore has presented documents reflecting that Cosmogony has not renewed its corporate filings with the Government of the Virgin Islands since December 31, 2016. (Dkt. No. 24-2 at 4-5). Glencore has presented no information, however, to support its conclusion that Cosmogony's lack of good standing with the local government supports a reasonable inference that the corporation has no accounts, property or insurance assets which Plaintiff could pursue. *See Brooks*, 2022 WL 613292, at *4-5.

Glencore further argues that Plaintiff will not be seriously harmed if his attempt to include claims against Cosmogony is rejected here and Plaintiff is left to pursue separate claims against Cosmogony in the Superior Court. (Dkt. No. 24 at 19-20). In its Answer, however, Glencore raises affirmative defenses including the right to contribution from other defendants; comparative fault by other parties and/or nonparties; and negligence by other parties and/or nonparties that Glencore did not control. (Dkt. No. 7 at 23). To the extent that Glencore's defenses rely on claims of negligence by other parties or nonparties, of which GE Corporation may be one, Plaintiff will be prejudiced in not being able to litigate his claims against all defendants in the same forum. As this Court noted in *Paul* and other cases:

> Under the circumstances of this case, the Court concludes that Plaintiff will be significantly injured if he is required to litigate cases that have a common body of facts in two different fora—the Superior Court and the District Court. This problem is compounded by the fact that Defendants' affirmative defenses include, *inter alia*, allegations that any negligence or toxic exposure was the responsibility of Plaintiff or Defendants' contractors. *See Massaro v. Bard Access Sys. Inc*., 209 F.R.D. 363,

16

> 369 (E.D. Pa. 2002) (joinder allowed to avoid Plaintiff prosecuting two claims
> arising from the same set of facts in two separate fora, particularly to avoid each
> defendant pointing to the "proverbial empty chair of the other as the more culpable
> party."). This also creates a risk of inconsistent rulings on liability and damages.
> *Stavitski v. Safeguard Prop. Mgmt., LLC*, No. 17-cv-2033, 2018 WL 501646, at *4
> (D.N.J. Jan. 22, 2018).

*Paul*, 2021 WL 2144910, at *8 (internal record citations and footnotes omitted); *see also City of Perth Amboy*, 539 F. Supp. 2d at 748-49 (plaintiff will be prejudiced if forced to maintain separate actions, including facing the risk of inconsistent rulings).

Finally, Glencore notes that there are other cases with similar claims against it filed in this Court at this time, which warrants the cases staying in the same forum. (Dkt. No. 24 at 20). However, the number of cases pending in this forum pales in comparison to the number of similar cases previously litigated and currently pending in the Superior Court. Further, several similar asbestos-related cases involving various defendants have already been remanded to the Superior Court. *See, e.g.*, *Brooks v. Glencore, Ltd.*, 2022 WL 613292; *Stephenson v. Hess Corporation, et al.*, No. 1:2021-cv-0234; *Forde v. Hess Corporation, et al.*, No. 1:2021-cv-0236; *St. Rose v. Hess Corporation, et al.*, No. 1:2021-cv-236; *Samuel v. Hess Corporation, et al*, No. 1:2021-cv-0237. Therefore, this factor does not tilt the *Hensgens* balance in Glencore's favor.

### 4. Totality of *Hensgens* Factors

The burden rests on Glencore, who is seeking a federal forum, to establish that jurisdiction exists. *See Auto-Owners Ins. Co.*, 835 F.3d at 395 (burden rests on the party invoking federal court jurisdiction to establish that subject matter jurisdiction exists). In view of the Court's consideration of the *Hensgens* factors as discussed above, the strict construction against removal accorded to removal statutes, *Batoff*, 977 F.2d at 851, and the substantial discretion afforded to district courts in deciding whether to permit joinder of a nondiverse defendant, *Taylor v. GGNSC Philadelphia*,

*LP*, 2015 WL 5584781, at *4, the Court concludes that joinder of Cosmogony should be permitted and the case remanded to the Superior Court under 28 U.S.C. § 1447(e).

### B.     Fraudulent Joinder

Turning to an analysis of the fraudulent joinder doctrine, the Court reaches the same conclusion that remand is appropriate.

For a defendant to establish that there is no colorable claim against the nondiverse party, the defendant is required to show that the claim is "wholly insubstantial and frivolous." *Batoff*, 977 F.2d at 851-52. The plaintiff's complaint against the nondiverse defendant does not need to be sufficient to withstand a Rule 12(b)(6) motion. Rather, the plaintiff's claim is sufficient if there is any "possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants." *Id.* at 851. If such a possibility exists, the joinder must be found to be proper and the case remanded to state court. *Id.* Further, a plaintiff need only show that he has *one* colorable claim against a nondiverse defendant, even if other claims against that defendant are barred. *Victorin v. Jones Lang LaSalle*, Civ. No. 20-18123, 2021 WL 651200, at *2 (D.N.J. Feb. 18, 2021). A finding of fraudulent joinder "is usually reserved for situations where recovery from the nondiverse defendant is a clear legal impossibility." *Roggio v. McElroy, Deutsch, Mulvaney & Carpenter, LLP*, Civ. No. 19-20018, 2010 WL 1492594, at *4 (D.N.J. Apr. 14, 2010) (finding fraudulent joinder because the claims against the non-diverse defendants were barred by the absolute litigation privilege).

In the instant case, Glencore does not argue that Plaintiff's complaint fails to state any possible cause of action against Cosmogony. Instead, it argues that there is no evidence that Cosmogony is anything but "a hollow, *pro forma* shell" which has no assets against which Plaintiff could collect. (Dkt. No. 24 at 3, 15, 19). Because Glencore claims Cosmogony has no assets from

which to collect damages, it argues that Plaintiff lacks a genuine intent to pursue the claims against Cosmogony. (Dkt. Nos. 24 at 17, 19; 30 at 2).

Glencore's argument in this regard fails. In view of the strict construction of removal statutes and the heavy burden that the moving party bears in establishing fraudulent joinder, the Court finds that Glencore has failed to show that Plaintiff has "no real intention in good faith to prosecute the action" against Cosmogony. Glencore grounds its argument on Plaintiff's error in the alleged "baseless naming" of the incorrect successor-in-interest. (Dkt. No. 24 at 14). However, the facts in this case do not reflect the necessary lack of genuine intent. While there is no dispute that Plaintiff incorrectly identified GE Corporation's latest successor-in-interest in his original Complaint, he then filed an Amended Complaint correcting that error when confronted with documentary evidence upon removal.

Moreover, the record reflects that Plaintiff served the Lieutenant Governor's Office with a summons and the First Amended Complaint. (Dkt. No. 35). In addition, Plaintiff has twice filed a Motion for Entry of Default against Cosmogony based upon its failure to respond to the Complaint. (Dkt. Nos. 37, 38, 42). In his Renewed Motion for Entry of Default, Plaintiff represented that it has served a summons and Complaint on Cosmogony's last known registered agent and president,[8] as well as a courtesy copy on Cosmogony's prior attorney of record. (Dkt. No. 42 at 2). Thus,

---

[8] In its response to the Renewed Motion for Entry of Default, Glencore challenges Plaintiff's contention that by serving John Wessel, he has served Cosmogony's last known "registered" agent. (Dkt. No. 43 at 2-3). Glencore maintains that "resident agent" would be the proper legal term, and more importantly, that correspondence and deposition testimony establish that Mr. Wessel was never Cosmogony's resident agent. *Id.* Glencore does not, however, challenge that Mr. Wessel was, at least at one time, Cosmogony's president. Although Mr. Wessel has denied having any connection with Cosmogony after 1999, documents proffered by Glencore show that he signed the Certificate of Amendment to Articles of Incorporation as Cosmogony's president in 1999. (Dkt. No. 1-3 at 22).

Plaintiff's actions suggest an intent to pursue Cosmogony by his attempts to make service on that business through various avenues. *See, e.g.*, *Hereford v. Broomall Operating Co. LP*, Civ. No. 21-3922, 2021 WL 5834384, at *5 (E.D. Pa. Dec. 9, 2021) (plaintiffs signaled their clear intent to include individual defendants in the case by naming Doe defendants in their initial Complaint); *Gilbert v. Alarm One Inc.*, 426 F. Supp. 3d 1220, 1227 (N.D. Ala. 2019) (plaintiff's conduct in providing Clerk with an address for "nonviable" defendant and requesting service of process by certified mail was sufficient to show a *bona fide* intent to pursue claims).

In a recent filing in *Brooks v. Glencore Ltd.*, Case No. 1:2021-cv-251, Glencore took issue with the Court's reliance on Plaintiff's representations in his Renewed Motion for Default Judgment in that case, in arriving at the conclusion that fraudulent joinder had not been established. *Brooks*, Dkt No. 23 at 4-7. Plaintiff's Renewed Motion for Default Judgment in this case—like that filed in *Brooks*—contains the same alleged misrepresentations regarding service of the summons and Complaint. (Dkt. No. 42). Glencore asserts that the unrebutted evidence establishes that Mr. Wessel (on whom service was made) is not Cosmogony's president; has bever been its resident agent; and has had no relationship with Cosmogony for over 20 years. (Dkt. No. 43 at 2-4). Glencore also challenges the Court's reliance on Plaintiff's service of the summons and Complaint on the Lieutenant Governor's Office, noting that Magistrate Judge Cannon denied Plaintiff's initial Motion for Default because Plaintiff had failed to demonstrate sufficient due diligence to entitle him to resort to substituted service on the Lieutenant Governor. *Id.* at 4-5.

These arguments do not alter the fact that in taking certain actions, Plaintiff has been attempting to make service on Cosmogony. The fact that there has been recent deposition testimony indicating that Mr. Wessel was not a resident agent for Cosmogony, but confirming that he was its president many years ago does not negate the fact that by serving Mr. Wessel with a

summons and Complaint, Plaintiff was attempting to make service on Cosmogony by serving "the person identified as Cosmogony's president . . . in its last Government filings." *Id*. at 8. Nor does Magistrate Judge Cannon's conclusion—in the Order denying Plaintiff's initial Motion for Entry of Default—that Plaintiff had not demonstrated sufficient due diligence to resort to service on the Lieutenant Governor alter the fact that Plaintiff was attempting to make service on Cosmogony by serving the Lieutenant Governor. In other words, various *attempts* to serve Cosmogony are deemed by this Court to be indicative of a good faith intent to pursue the claims against Cosmogony.

Finally, Glencore asserts that because Cosmogony has not registered to do business in the Virgin Islands in recent years, it is defunct and Plaintiff has no evidence that Cosmogony has any assets on which a judgment could be executed, thus calling into question Plaintiff's counsel's "general assertion" that Plaintiff intends to pursue his claims against Cosmogony. (Dkt. No. 24 at 15-16). In this regard, Glencore attempts, unsuccessfully, to distinguish this case from *Jocz v. Eichleay Engineers, Inc.*, Civ. No. 08-4063, 2008 WL 5157503 (E.D. Pa. Dec. 9, 2008) by asserting that Plaintiff has no means to obtain discovery from or about Cosmogony. (Dkt. No. 30 at 2). In *Jocz*, the court concluded that the dissolution of the local corporations did not invalidate the viability of the claims against them, and the lack of assets did not establish that plaintiffs lacked a good faith intent to pursue the claims against the local defendants. *Jocz*, 2008 WL 5157503 at *4-5. The same applies here. Glencore's contention regarding Plaintiff's inability to obtain discovery regarding Cosmogony is belied by the fact that Plaintiff is in fact conducting discovery in an attempt to gather information about Cosmogony, including any assets and insurance coverage that it might have.

For these reasons, the Court concludes that Glencore has failed to establish that Cosmogony, as successor in interest to GE Corporation, was fraudulently joined in this case.

## IV.    CONCLUSION

In view of the foregoing, the Court finds that the *Hensgens* factors do not support striking Plaintiff's First Amended Complaint. Similarly, Glencore has failed to carry its heavy burden to establish that GE Corporation and its successor-in-interest, Cosmogony, were fraudulently joined in this action. Accordingly, Glencore's Motion to Strike (Dkt. No. 23) will be denied and Plaintiff's Motion to Remand this action to the Superior Court (Dkt. No. 29) will be granted.

An appropriate Order accompanies this Memorandum Opinion.

Dated  March 31, 2022                                          _____/s/_____
                                                                                    WILMA A. LEWIS
                                                                                    District Judge